1

2

3

4

5

6

7

**THE DISTRICT COURT OF GUAM**

8

9  BRIAN JASON MARTINEZ, aka           CIVIL CASE NO. 24-00017
    BRENDA JOYCE MARTINEZ,

10

               Petitioner,           **DECISION AND ORDER GRANTING**

11                                    **APPLICATION TO WAIVE FEES**
                                   **(ECF NO. 7) AND DISMISSING WRIT**

12          vs.                        **OF HABEAS CORPUS (ECF NO. 1)**

    VERNON PEREZ,

13

               Respondent.

14

15        This matter is before the court on Petitioner Brian Jason Martinez's Writ of Habeas

16 Corpus (the "Petition"), ECF No. 1, and Application to Proceed in District Court Without

17 Prepaying Fees or Costs (the "Application to Waive Fees"), ECF No. 7. For the reasons stated

18 below, the court **GRANTS** the Application to Waive Fees and **DISMISSES** the Petition without

19 prejudice.

20    **I.   Background**[1]

21        Petitioner filed the instant habeas petition on August 6, 2024, alleging that he is

22 incarcerated at the Guam Department of Corrections despite Constitutional violations arising out

23

24 [1] Page citations throughout this Decision and Order refer to CM/ECF-generated page numbers.

1  of his case in the Superior Court of Guam (Case No. CF0278-24).[2] *See* Pet. at 1-2, ECF No. 1.

2  The allegations begin "on or around April 29, 2024," when Petitioner was arrested. *Id.* Petitioner

3  first claims that the duration of his pre-trial confinement constitutes a "violation of a due process

4  of law," and that he "was taken to trial despite the Constitutional violation." *Id.* at 2-3. The

5  remaining allegations are difficult to discern, but Petitioner appears to allege separate issues

6  related to a document being "not dated not signed," a due process violation for "not [being]

7  afforded a fair speedy trial," and ineffective assistance of counsel. *Id.* at 3-4. However, these

8  allegations are unsupported by additional facts. *See id.* Petitioner ultimately requests "to file an

9  ethics complaint against appointment of counsel due to negligence and misrepresentation," and

10  for the "dismissal and expungement of CF0278-24 as well as the immediate release from

11  confinement." *Id.* at 4-5.

12      Also on August 6, 2024, the court informed Petitioner of his failure to pay the filing fee

13  and provided a deadline of September 5, 2024, to either make payment or file an application to

14  proceed without prepaying fees or costs. *See* Letter, ECF No. 3. Petitioner initially failed to

15  respond, but after the court issued an Order to Show Cause on September 19, 2024, Petitioner

16  filed the instant Application to Waive Fees. *See* Order, ECF No. 5; Appl., ECF No. 7.

17  **II. Application to Waive Fees**

18      Petitioner has applied to proceed without prepaying fees or costs. Appl., ECF No. 7.

19  Under 28 U.S.C. § 1915(a)(1), a court may authorize a person to commence a civil action

20  without prepaying the required filing fee, provided that the person "submits an affidavit

21  [stating] . . . that the person is unable to pay such fees or give security therefor."

22

23

24  [2] The court notes that Petitioner signed and dated the Petition July 11, 2024. Pet. at 5, ECF No. 1.

1   The court has reviewed Petitioner's Application to Waive Fees and finds that he has

2   sufficiently shown that he is unable to pay the fees or give the security required to commence

3   this action. At the time of filing, Petitioner indicated that he was incarcerated in the Guam

4   Department of Corrections and that he has no income or deposits in a checking or savings

5   account. *See* Appl. at 6-7, ECF No. 7. Petitioner also indicated that he has no expenses or other

6   financial obligations. *Id.* at 7. Although Petitioner filed a Consent to the Release of Trust

7   Account Information, it does not appear that the form was completed by an authorized official.

8   *See id.* at 3-4, 8-9. Nonetheless, based on Petitioner's representations about his financial

9   circumstances, the court finds that he does not have the means to pay the full or a partial filing

10  fee in this case. *See* 28 U.S.C. §§ 1915(a)(1), (b). Accordingly, the Application to Waive Fees is

11  **GRANTED**.

12  **III. The Petition**

13  **A. Jurisdiction**

14  The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. The Petition is

15  brought under 28 U.S.C. § 2254 and claims a "violation of the Constitution or laws or treaties of

16  the United States." *See* Pet. at 2-5, ECF No. 1.

17  **B. Standard of Review**

18  When a petitioner proceeds *in forma pauperis* under 28 U.S.C. § 1915, the court must

19  screen the lawsuit to determine whether the action is "frivolous or malicious," "fails to state a

20  claim upon which relief may be granted," or "seeks monetary relief against a defendant who is

21  immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Lopez v. Smith*, 203 F.3d 1122,

22  1126-27 (9th Cir. 2000). Furthermore, when a habeas petition is filed under 28 U.S.C. § 2254,

23  the court must summarily dismiss the case "if it plainly appears from the petition and any

24

1    attached exhibits that the petitioner is not entitled to relief in district court." Rules Governing

2    Section 2254 Cases, R. 4, 28 U.S.C. foll. § 2254 [hereinafter "Section 2254 Rules"].

3        Habeas petitions brought under 28 U.S.C. § 2254 must "(1) specify all the grounds for

4    relief available to the petitioner; (2) state the facts supporting each ground; and (3) state the relief

5    requested." Section 2254 Rules, R. 2(c)(1)-(3); *cf. Mayle v. Felix*, 545 U.S. 644, 648-49, 654-56

6    (2005) (discussing heightened pleading rules for habeas petitions). However, "exhaustion of state

7    remedies is required as a prerequisite to consideration" of a federal habeas petition. *See Pitchess*

8    *v. Davis*, 421 U.S. 482, 487 (1975). Section 2254(b)(1) provides that a court should not grant a

9    writ of habeas corpus on behalf of state prisoner "unless it appears that—(A) the applicant has

10    exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of

11    available State corrective process; or (ii) circumstances exist that render such process ineffective

12    to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1); *see also Rose v. Lundy*, 455 U.S.

13    509, 518-19 (1982) (discussing the function of a total exhaustion rule).

14        **C. Analysis**

15        Here, Petitioner alleges that the Petition was "[s]ubmitted to The Superior Court of

16    Guam, The Supreme Court of Guam, The District Court of Guam, and the United [S]tates Court

17    of Appeals for the Ninth Circuit via U.S.P.S." Pet. at 1, ECF No. 1. This alone demonstrates that

18    Petitioner has neither exhausted the remedies available to him in state court nor provided any

19    other circumstances in support of the exhaustion requirement. *See* 28 U.S.C. § 2254(b)(1). The

20    Petition itself alleges that federal habeas relief was sought simultaneously with state habeas

21    relief. Therefore, the Petition is **DISMISSED without prejudice** because the court cannot

22    proceed until Petitioner satisfies the exhaustion requirement.

23

24

1    This dismissal should not be construed as preventing Petitioner from filing a renewed

2    petition for writ of habeas corpus after he has exhausted the remedies available to him in state

3    court. However, the court notes that failure to exhaust state court remedies on a renewed petition

4    may result in dismissal *with prejudice*. *See Slack v. McDaniel*, 529 U.S. 473, 489 (2000) ("Once

5    the petitioner is made aware of the exhaustion requirement, no reason exists for him not to

6    exhaust [his remedies] before returning to federal court. The failure to comply with an order of

7    the court is grounds for dismissal with prejudice.").

8    **D.  Certificate of Appealability**

9    Under 28 U.S.C. § 2254, a petitioner seeking a writ of habeas corpus may only appeal a

10    district court's dismissal of his petition after obtaining a certificate of appealability. 28 U.S.C.

11    § 2253(c)(1). The court may only issue a certificate of appealability where the petitioner has

12    "made a substantial showing of the denial of his constitutional right." 28 U.S.C. § 2253(c)(2). As

13    such, the petitioner must show that "jurists of reason could disagree with the district court's

14    resolution of his constitutional claims or that jurists could conclude the issues presented are

15    adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327

16    (2003). Petitioner has failed to make a "substantial showing of the denial of his constitution

17    right," and, therefore, the court finds that he is not entitled to certificate of appealability.

18    **IV. Conclusion**

19    For the foregoing reasons, the Application to Waive Fees is **GRANTED**, and the Petition

20    is **DISMISSED without prejudice** for failure to exhaust state remedies. The court further

21    declines to issue a certificate of appealability. The Clerk of Court is directed to close this case.

22    **SO ORDERED.**

23

24                                              **/s/ Frances M. Tydingco-Gatewood**
                                                      **Chief Judge**
                                              **Dated: Jun 17, 2025**